

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-7-2007

# USA v. Forchion

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1583

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Forchion" (2007). *2007 Decisions.* Paper 1653.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1653

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1583
_____

UNITED STATES OF AMERICA

v.

EDWARD FORCHION,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 04-mc-00949)
District Judge: Hon. Stewart J. Dalzell

Submitted Under Third Circuit LAR 34.1(a)
January 25, 2007

Before:  SCIRICA, Chief Judge, FUENTES, and CHAGARES, Circuit Judges.

_____

(Filed: February 7, 2007)

OPINION OF THE COURT

CHAGARES, Circuit Judge.

Appellant Edward Forchion appeals his conviction for possession of a controlled substance in a national park.  Forchion argues that the pertinent national park regulation unlawfully infringes on his Free Exercise Clause rights under the First Amendment.

Because Forchion failed to file a timely notice of appeal of his conviction to the District Court, the District Court dismissed Forchion's appeal for lack of subject matter jurisdiction. We agree that Forchion's appeal was untimely, and therefore will affirm the District Court's dismissal of Forchion's appeal.

I.

As we write only for the parties, our summary of the facts is brief. On December 23, 2003, March 20, 2004, and April 17, 2004, National Park Service Rangers stationed at Independence National Historical Park ("Independence Park") issued citations to Forchion for possession of a controlled substance in a national park in violation of 36 C.F.R. § 2.35(b)(2), arising out of Forchion's possession and use of marijuana during rallies held at Independence Park on these dates. Forchion and a co-defendant, Patrick Duff, were charged with, inter alia, unlawful possession of a controlled substance. After a bench trial before a Magistrate Judge, Forchion and Duff were convicted of misdemeanor marijuana possession.[1] On November 12, 2004, Forchion was sentenced to a 12-month term of imprisonment, which was suspended, 12 months of probation, and a $150 fine. Forchion timely appealed his sentence and conviction to the District Court. Thereafter, the District Court affirmed Forchion's conviction, but vacated the sentence and remanded for further proceedings.

---

[1]Duff is not a party to this appeal.

By Order dated January 30, 2006, the Magistrate Judge declined to impose a new sentence on the grounds that Forchion had essentially completed the one-year probationary sentence originally imposed in November 2005. On February 14, 2006, Forchion filed a notice of appeal in the District Court which referred to the Magistrate Judge's January 30, 2006 sentencing order, and the District Court's July 22, 2005 Order affirming Forchion's conviction and vacating his sentence.

By Order dated February 15, 2006, the District Court dismissed as untimely Forchion's appeal of the Magistrate Judge's January 30, 2006 Order, given that Forchion failed to file a notice of appeal within 10 days of that Order, as required by FED. R. APP. P. 4(b). With respect to Forchion's appeal of the District Court's July 22, 2005 Order, the District Court forwarded that appeal to us, noting that it lacked appellate jurisdiction to review its own decision. By letter dated February 23, 2006, we invited the parties to submit supplemental filings to address the jurisdictional issue raised by the notice of appeal. The Government submitted its response to this request on March 6, 2006; it does not appear that Forchion filed any additional materials. Because the parties have had ample opportunity to address the jurisdictional question presented, the matter is now ripe for disposition.

## II.

Before reaching the merits of this appeal, we are required to consider whether we have appellate jurisdiction. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). The timeliness of an appeal is a mandatory jurisdictional prerequisite. United

3

States v. Robinson, 361 U.S. 220, 224 (1960). Based on the undisputed facts, Forchion's appeal of the Magistrate Judge's January 30, 2006 Order was untimely. Like the District Court, then, we lack jurisdiction to address the merits of Forchion's challenge, and must therefore dismiss his appeal.

III.

For the foregoing reason, we affirm the decision of the District Court dismissing Forchion's appeal for lack of jurisdiction.